■ In the Matter of the Estate of PAUL CORRIGAN, Deceased. MARGARET CORRIGAN, as Executrix of PAUL CORRIGAN, Deceased, Respondent; WILLIAM K. ENGLISH, Appellant.— Appeal from an order of the Broome County Surrogate's Court denying appellant's motion to vacate a previous order of the same court transferring the case to the County Court of Broome County for the trial of certain issues of fact. This proceeding was brought under section 231-a of the Surrogate's Court Act to fix and determine appellant's fee as an attorney. Appellant appeared and answered the petition and demanded, in writing a jury trial. After due notice and a hearing at which both parties were represented, the Surrogate orally granted an order transferring the case to the County Court for a jury trial and directed appellant to prepare and submit an order. When this was not done, the Surrogate requested attorneys for the respondent to prepare an order, and after personally making certain changes, the Surrogate signed the order. While both parties treat it as such, it would seem doubtful if an order thus made, after notice and a hearing, is an ex parte order. If appellant was dissatisfied with the form or content of the order itself, he could, and still can, move to resettle it. The Surrogate had the authority under section 68 of the Surrogate's Court Act to make the order and there is nothing in the record to justify the reversal of an order refusing to vacate it in its entirety. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMAN MENDEL, Appellant.— Appeal from an order of Children's Court, Albany County. Although the specific occasion of the single act of intercourse with defendant to which complainant attributes the conception of her child rests entirely on her own testimony, there are circumstances in the record which tend to give some support to complainant's version of events. Complainant fixes a date for the event which defendant abundantly shows was not the correct date; but defendant's own testimony shows that on another date he saw complainant, was alone in her company, and took her home, which in every essential detail except the act of intercourse, corresponds with complainant's testimony as to the date fixed by her. The dates are not far apart and conception could have occurred on either one. Moreover, the unusual interest which defendant's testimony shows he took in the subject of obtaining the procurement of an abortion for complainant may be regarded as an admission against interest. There are some other corroborative circumstances in the record. On the whole we think the record fairly sustains the order of filiation. Motion by complainant-respondent for counsel fees on appeal granted and $100 is allowed for such fees payable within 60 days of entry of the order. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.